UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                          Case No. 11-42920

DEARBORN LODGING, INC.,                                         Chapter 11

        Debtor.                                              Judge Thomas J. Tucker
_____/

**ORDER REQUIRING DEBTOR TO AMEND DISCLOSURE STATEMENT**

On June 7, 2011, the Debtor filed a plan and disclosure statement, in a document entitled "Debtor's Combined Liquidating Chapter 11 Plan of Reorganization and Disclosure Statement" (Docket # 66). The Court cannot grant preliminary approval of the disclosure statement contained within this document ("Disclosure Statement"). The Court notes the following problems, which Debtor must correct.

First, Debtor must revise the formatting and the content of the Plan according to the following guidelines.

- Debtor must include a separate section in the Plan (*e.g.*, "Article II"), which defines groups of claimants that are not subject to classification and are not entitled to vote on the Plan, state the estimated amount of each claim, and state their treatment under the Plan (*e.g.*, Group I consisting of allowed administrative claims, including the quarterly fees of the United States Trustee and attorney fees of Debtor's counsel;[1] and Group II consisting of claims that are entitled to priority under 11 U.S.C. § 507(a)(8), including the priority claim tax claim of the State of Michigan Department of Treasury, which is currently improperly classified and treated in Class 4).[2]

---

[1] Currently Debtor is classifying and treating "expenses of administration" under Class 1 on pages 3-4 of the Plan. Debtor also incorrectly cites § 507(a)(1) as the Bankruptcy Code provision that gives priority to administrative expenses. Section 507(a)(1) gives first priority to "allowed unsecured claims for domestic support obligations." The Bankruptcy Code provision that gives priority to administrative expenses is § 507(a)(2).

[2] "[P]riority tax claims . . . are not supposed to be classified in a Chapter 11 plan for voting or other purposes." *In re Northwest Timberline Enterprises, Inc.*, 348 B.R. 412, 422 (Bankr. N.D. Tex. 2006)(citing 11 U.S.C. §§ 1123(a)(1))

- Debtor must include a separate section in the Plan (*e.g.*, "Article III"), which defines classes of claimants subject to classification and state the treatment of each class. With regard to each such class, Debtor must: (1) label such class (*e.g.*, "Class I"); (2) name or describe the persons or entities that are included in the class (*e.g.*, "Community South Bank" or "general unsecured creditors"); (3) state the amount of the claim of each entity or person, if known, and if unknown, state Debtor's best estimate of the amount of the claim (or, if the class is a large one, Debtor may estimate the total amount of the claims in the class); (4) describe the nature of the claim (*e.g.*, Wayne County Treasure has a first priority lien under Mich. Comp. Laws § 2.11.1 et seq. on . . . ); (5) state the total amount of the claims in the class; (6) state specifically the treatment proposed; and (7) state whether the class is impaired or unimpaired under the Plan.

- Debtor must treat each secured creditor in a separate class. With regard to each secured creditor, Debtor must state the amount of the claim; the property securing the claim (if real estate, the full address, including city and state); the fair market value of the property securing the claim; whether any portion of the claim is unsecured; and if so, whether the secured creditor will have an unsecured deficiency claim, to be included and treated in the class of general unsecured claims; and if so, the amount of such claim.

- With regard to each secured creditor that is classified as "unimpaired," Debtor must amend the Plan to state that the creditor is impaired, unless Debtor states either (1) that the Plan leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest, *see* 11 U.S.C. § 1124(a)(1); or (2) how the conditions of 11 U.S.C. § 1124(a)(2) are satisfied. If Debtor's amended plan states that these classes are impaired, Debtor may reserve the right to argue at the confirmation hearing that such classes are unimpaired.

Second, the Disclosure Statement does not contain any information about post-petition financing or adequate protection orders. If there have been no such orders entered in this case, Debtor must say so in Paragraph III.B of the Disclosure Statement on page 9.

Third, Paragraph II.C of the Disclosure Statement on page 9 states: "The Debtor is currently engaged in litigation pending in the United States District Court for the Eastern District of Michigan against the City of Dearborn." Debtor must provide the following information regarding this lawsuit in the paragraph: (1) the case name; (2) the case number; (3) the nature of

the suit; (4) the relief sought; (5) the material proceedings that have taken place; and (6) the status of the litigation.

Fourth, Debtor must revise the Liquidation Analysis on pages 9-10 as follows:

(1) Debtor must identify the property and estimate the market and forced sale values of the property.

(2) Debtor must state how it arrived at such values.

(3) Debtor must estimate the equity available in the property, if any.

(4) Debtor must use the full name of the creditors holding liens on the property or define those creditors elsewhere in the Plan by the abbreviations used in the Liquidation Analysis.

(5) Under Paragraph II (Proceeds of Assets), Debtor must state the value in the "Real Estate" and "Total" columns.

(6) Under Paragraph III (Claims), Debtor must change "Wayne County Treasure" to Wayne County Treasurer."

Fifth, the Disclosure Statement does not provide any information regarding guaranteed debt. Debtor must include a statement about any of its debt that is guaranteed by anyone and must identify (1) the guarantor(s); (2) the nature and amount of the debt involved; (3) the collateral securing the debt or the guaranty, if any, and (4) the value of such collateral. If there is no guaranteed debt, Debtor must say this in the Disclosure Statement.

Sixth, Debtor must revise the sentence in Section V.C.1 of the Disclosure Statement on page 11 so that it states: Each class of impaired creditors and interests must accept the plan, as described in paragraph **V.B, above**."

Seventh, Debtor must revise Paragraph V.E.2 of the Disclosure Statement on page 12 so that it states in its entirety:

3

2. Except as provided in the Plan and in 11 U.S.C. § 1141(d):

(a) In the case of a corporation that is liquidating and not continuing its business, as in this case:

1. Claims and interests will not be discharged.

2. Creditors and shareholders will not be prohibited from asserting their claims against or interests in the debtor or its assets.

Eighth, in light of the stated treatment of Class 6 on page 5 of the Plan, which says that the Debtor's 100% stockholder Joseph Nofar "will not retain any interest in the Debtor," Debtor must state who will own the equity (stock) of the Debtor during the time period between the effective date of the plan (after confirmation) and the date when the Debtor is dissolved (after the contemplated sale of the Debtor's assets). *See generally* 11 U.S.C. § 1141(d)(1)(B).

Accordingly,

IT IS ORDERED that no later than **June 17, 2011**, Debtor must file an amended combined plan and disclosure statement which corrects the above stated problems.

IT IS FURTHER ORDERED that Debtor also must provide to Judge's chambers, no later than **June 17, 2011**, a redlined version of the amended combined plan and disclosure statement, showing the changes Debtor has made to "Debtor's Combined Liquidating Chapter 11 Plan of Reorganization and Disclosure Statement" (Docket # 66), filed June 7, 2011. Debtor must submit this redlined document to chambers electronically, through the Court's order submission program.

**Signed on June 13, 2011**  /s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**